UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br> _____ <br><br> This document relates to: <br><br> Dorothy Wilson v. Bayer Corporation, et al., No. 3-cv-2265 | MDL NO. 1407 <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE |

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, plaintiff, Dorothy Wilson, submitted a Motion for Voluntary Dismissal with Prejudice to dismiss all claims in the above-referenced matter against defendants Bayer Corporation, Wyeth (sued as American Home Products Corporation and Whitehall-Robins Healthcare, individually and as successors in interest to A.H. Robins Consumer), Novartis Consumer Health, Inc. and Novartis Pharmaceuticals Corporation (sued individually and as successors in interest to Ciba-Geigy Corporation, Ciba Consumer Pharmaceuticals and Sandoz Consumer Health, Inc.), GlaxoSmithKline Consumer Healthcare, L.P. (sued as SmithKline

ORDER
Page - 1 -

1  Beecham Consumer, a division of SmithKline Beecham Corporation),
2  and Schering-Plough Corporation (hereinafter collectively
3  referred to as "Defendants"). Defendant Chattem, Inc. ("Chattem")
4  filed an opposition to the motion. Having reviewed the motion,
5  the opposition, and the reply filed thereto, the court hereby
6  finds and rules as follows:
7       On December 20, 2004, pursuant to Rule 41(a)(2) of the
8  Federal Rules of Civil Procedure, plaintiff filed a motion to
9  voluntarily dismiss with prejudice all claims in this matter
10 against the Defendants. On December 21, 2004, the court granted
11 plaintiff's motion. Thereafter, on January 10, 2005, Chattem
12 filed its Response to Plaintiff's Motion for Voluntary Dismissal
13 with Prejudice. On January 19, 2005, the court issued an Order
14 Vacating the Dismissal and instructed plaintiff to submit a reply
15 brief addressing Chattem's arguments.
16      Chattem argues that pursuant to § 85-5-7, Code of
17 Mississippi, there exists a potential for an apportionment of
18 fault and damages to Chattem for a percentage of a possible
19 verdict in an amount exceeding its actual percentage of fault, if
20 any. The absence of the Defendants, Chattem argues, would
21 potentially allow for an increased potential recovery by
22 plaintiff against Chattem. The court is not persuaded.
23 Mississippi law affords plaintiff the right to release any
24 defendants she desires, without affecting any rights that she may
25 have against the remaining defendant(s). Miss. Code. Ann. § 85-5-
26

ORDER
Page - 2 -

1 provides that "[i]n all cases of joint or joint indebtedness, the creditor may settle or compromise with and release any one or more of such debtors; and the settlement or release shall not affect the right or remedy of the creditor against the other debtors for the amount remaining due and unpaid, and shall not operate to release any of the others of the said debtors... [.]" See also Smith v. Falke, 474 So. 2d 1044 (Miss. 1985)(holding that the majority of jurisdictions permit the release of one tort-feasor without the release of others when that is the intention of the parties).

For the foregoing reasons, the court GRANTS plaintiff's motion to voluntarily dismiss with prejudice all claims against the Defendants, except Chattem.

DATED at Seattle, Washington this 21st day of June, 2005.

*/s/ Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE